**June E. WILLEMS, Plaintiff–Appellant,**

v.

**APARTMENT INVESTMENT AND MANAGEMENT CO. AIMCO, a real estate investment trust aka: AIMCO; et al., Defendants–Appellees.**

No. 02–17185.

D.C. No. CV–01–01577–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM**

June E. Willems appeals pro se the district court's judgment dismissing her ac-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

tion alleging various constitutional and statutory civil rights violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003), and we affirm.

The district court properly dismissed Willems' constitutional claims because she failed to allege state action, *see George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.1996), and properly dismissed her claims under 42 U.S.C. §§ 1985–1986 because she failed to allege a conspiracy to deprive her of equal protection based on racial or other class-based discrimination, *see Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992); *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir.1992). Willems failed to state any other statutory claim upon which relief could be granted; 18 U.S.C. § 1001 does not provide a private right of action, there is no 18 U.S.C. § 3802, and 48 U.S.C. § 1561 is inapplicable as it pertains to due process rights in the Virgin Islands.

Willems's contention that dismissal violated her right to trial is without merit. *Cf., Diamond Door Co. v. Lane–Stanton Lumber Co.*, 505 F.2d 1199, 1203 n. 6 (9th Cir.1974) (noting that summary judgment does not violate the Seventh Amendment right to jury trial because there is no genuine issue of material fact, and, therefore, the province of the jury-fact finding is not invaded).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.